UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 10-CIV-23795-MOORE/SIMONTON

LEO MARTIN REYES GARCIA,
STEVEN ANTONIO GONZAGA
MENDEZ and all others similarly
 situated under 29 U.S.C. 216(B),

       Plaintiffs,

vs.

FLEMING TRUCK SALES CORP.,
LUIS F. CACEDA and FERNANDO
CACEDA

       Defendants.

_____/

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants, FLEMING TRUCK SALES CORP (hereinafter "FLEMING TRUCK"), LUIS F. CACEDA (hereinafter "CACEDA)[1] by and through the undersigned counsel, hereby file and serve Defendants' Answer and state the following in support thereof:

    *1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.*

    Answer:    Defendants admit that Plaintiffs seem to state a cause of action but deny any liability whatsoever.

_____

[1] Plaintiffs have sued Luis F. Caceda and Fernando Caceda. Luis F. Cacedo goes by the name of Fernando Cacedo.  There is no person Defendants are aware of with the given name Fernandeo Caceda associated with this matter.

2.      *The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.*

Answer:      Admitted, upon information and belief.

3.      *The Defendant Fleming Truck Sales Corp. is a corporation that regularly transacts business within Dade County.*

Answer:      Admitted.

4.      *Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiffs for the relevant time period.*

Answer:      Defendants admit that the corporate Defendant was the employer of one of the Plaintiffs for a time, but without more specificity, Defendants cannot formulate a more specific answer.  All other allegations are denied.

5.      *The individual Defendant Luis F. Caceda is an officer, owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the years of, 2006, 2007, 2008, 2009 and 2010 and was responsible for paying each Plaintiff's wages during the time period that each Plaintiff was employed by Defendants.*

Answer:      Defendant Caceda admits that he is or was an officer, owner and manager of the Defendant Corporation for the years 2009 and 2010 and was responsible for paying each Plaintiff's wages during 2009 and 2010. Defendant denies that he was an officer, owner and manager of the Defendant Corporation for the years 2006, 2007, 2008 and 2009.  All other allegations are denied.

6.      *The individual Defendant Fernando Caceda is an officer, owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the years of 2006, 2007, 2008, 2009 and 2010 and was responsible for paying each Plaintiff's wages during the time period that each Plaintiff was employed by Defendants.*

2

Answer:    Admitted for 2009-2010.  All other allegations are denied.


7.    All acts or omissions giving rise to this dispute took place in Dade County.

Answer:    Admitted.


## FEDERAL STATUTORY VIOLATION
## (OVERTIME WAGE VIOLATION)

*8.    This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.*

Answer:    Denied.


*9.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).*

Answer:    Defendants admit for jurisdiction only. All other allegations of ¶9 are denied.


*10.    29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."*

Answer:    Paragraph 10 is a statement of law to which no answer is necessary.


*11.    Plaintiff Leo Martin Reyes Garcia worked as a truck detailer for the Defendants between the approximate dates of October 15, 2007 through October 21, 2010.*

Answer:     Denied.

12.     *The Plaintiff Steven Antonio Gonzaga Mendez worked as a truck detailer for the Defendants between the approximate dates of November 10, 2006 through on or about November 10, 2008.*

Answer:     Denied.

13.     *Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and each Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Defendants' Corporation operates as a used truck wholesaler. Defendants' purchase trucks from Canada, have said trucks delivered to their location in Miami where said trucks are detailed by Defendants employees including Plaintiffs and as soon as the detailing process is completed said trucks are immediately sold and shipped to South America. Said trucks for which Plaintiffs were employed by Defendants to detail, were in the continuous stream of commerce that the Fair Labor Standards Act applies to each Plaintiff's work for the Defendants.*

Answer:     Defendants admit that the corporate Defendant was an enterprise engaged in commerce for 2009-2010.  All other allegations of ¶ 10 are denied.

14.     *Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years, 2007, 2008, 2009 and 2010.*

Answer:     Defendant, Corporation, denies that it had gross sales or business done in excess of $500,000 annually for the years, 2007 and 2008. Defendant admits that for the years 2009 and 2010 it had a gross sales or business done in excess of $500,000 annually.

15.     *Plaintiff Leo Martin Reyes Garcia worked an average of 115 hours per week for the Defendants between October 15, 2007 through on or about December 31, 2009.*

Answer:     Denied.

16.     *Plaintiff Leo Martin Reyes Garcia worked an average of 60 hours per week for the Defendants between January 1, 2010 through the present date.*

Answer:     Denied.

17.     *Between on or about October 15, 2007 to on or about December 31, 2007, Plaintiff Leo Martin Reyes Garcia was paid at $10.00/hr but was never paid overtime wages for any hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act.*

Answer:     Denied.

18.     *Between on or about January 1, 2008 to on or about December 31, 2009, Plaintiff Leo Martin Reyes Garcia was paid at $12.50/hr but was never paid overtime wages for any hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act. During said period of time, there was a four month period of time in which Plaintiff Leo Martin Reyes Garcia did not work for Defendants.*

Answer:     Denied.

19.     *Between on or about January 1, 2010 through October 21, 2010, Plaintiff Leo Martin Reyes Garcia was paid at $10.00/hr but was never paid overtime wages for any hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act.*

Answer:     Denied.

20.     *Plaintiff Steven Antonio Gonzaga Mendez worked an average of 80 hours per week for the Defendants between on or about November 10, 2006 through on or about November 10, 2008.*

Answer:     Denied.

21.    Between on or about November 10, 2006 through on or about November 10, 2008, Plaintiff Steven Antonio Gonzaga Mendez was paid at $10.00/hr but was never paid overtime wages for any hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act.

Answer:    Denied.

22.    Defendants willfully and intentionally refused to pay each Plaintiff their overtime wages as required by the Fair Labor Standards Act as Defendants, Fernando Caceda and Luis Caceda knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants' remain owing each Plaintiff these wages since the commencement of each Plaintiff's employment with Defendants' for the time period specified above.

Answer:    Denied.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from each Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiffs request a trial by jury.

Answer:    Denied.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

6

1.      Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

2.      The Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was engaged in activities which were preliminary or postliminary to his or her principal activities.

3.      The Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was waiting to be engaged.

4.      The Complaint is barred, in whole or in part, because all actions and/or omissions complained of were taken in good faith based on reasonable grounds for believing such actions and/or omissions were not a violation of the FLSA and/or other applicable law.

5.       The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought by Plaintiff(s) is *de minimis*, and therefore is not compensable.

6.      Plaintiff(s) may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

7.      Plaintiff(s) are not entitled to any relief with regard to any bona‐ fide sleep, break or meal period(s).

8.      Plaintiff(s)' claims are subject to an offset for monies loaned.


Respectfully submitted,


/s Gary A. Costales
Gary A. Costales

7

Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1230
Miami, Florida 33131
(305) 375-9510
(305) 375-9511(facsimile)
costalesgary@hotmail.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on November 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Gary A. Costales

## SERVICE LIST

*LEO MARTIN REYES GARCIA, STEVEN ANTONIO GONZAGA MENDEZ v. FLEMING TRUCK SALES CORP., LUIS F. CACEDA AND FERNANDO CACEDA*
CASE NO.: 10-23795-CIV- MOORE/SIMONTON
**United States District Court, Southern District of Florida**

J.H. Zidell, Esq.
E-mail: zabogado@aol.com

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167
Attorney for Plaintiffs
Notice of Electronic Filing

Gary A. Costales, Esq.
E-mail:costalesgary@hotmail.com

Gary A. Costales, P.A.
1200 Brickell Ave. Suite 1230
Miami, Florida 33131
Telephone: (305) 375-9510
Facsimile: (305) 375-9511
Attorney for Defendants
Notice of Electronic Filing