UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-23795-CIV-SIMONTON

<u>CONSENT CASE</u>

LEO MARTIN REYES GARCIA, and
STEVEN ANTONIO GONZAGA MENDEZ,

    Plaintiffs,

v.

LUIS FERNANDO CACEDA, and
FLEMING TRUCK SALES, CORP.,

    Defendants.
_____/

<u>ORDER GRANTING, IN PART, VERIFIED
MOTION FOR ATTORNEY FEES AND COSTS</u>

Presently pending before the Court is the Plaintiffs' Verified Motion for Attorney Fees and Costs Pursuant to 29 USC 216(b) and Local Rule 7.3 (DE # 72).  The Defendant has not filed a response to the Motion and the time for doing so has elapsed.  Pursuant to the consent of the Parties, this case was reassigned to the undersigned Magistrate Judge by the Honorable K. Michael Moore, the District Judge assigned to the case (DE ## 10, 15). For the reasons stated below, the undersigned grants the Motion, in part, and awards attorney's fees in the amount of $45,433.50, and costs in the amount of $1,921.00.

    I.    <u>BACKGROUND</u>

Plaintiffs Leo Martin Reyes Garcia ("Garcia") initiated this matter by filing an action alleging overtime violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA") against Defendants Fleming Truck Sales Corp., and Luis F. Caceda

(DE # 1).[1]  The Amended Complaint added Steven Antonio Gonzaga Mendez ("Gonzaga Mendez") as a Plaintiff and further alleged that both Plaintiffs worked as truck detailers. Following a three-day jury trial, the jury found that Plaintiff Garcia was entitled to recover payments for overtime work he performed at Fleming Truck Sales in the amount of $5,048.63, but also concluded that Plaintiff Gonzaga Mendez was not entitled to recover any overtime payments for work performed at Fleming Truck Sales (DE # 65).  The Jury further found that both Plaintiff Garcia and Plaintiff Mendez were entitled to be compensated for overtime hours for work performed at Fleming USA.[2]  Specifically, the jury found that Plaintiff Garcia was entitled to recover wages in the amount of $11,858.41 for overtime hours worked for Fleming USA, and Plaintiff Mendez was entitled to recover wages in the amount of $10,260 for overtime hours worked at Fleming USA. The jury also found that the Plaintiffs had proven by a preponderance of the evidence that Defendant Luis Caceda either knew or showed reckless disregard for the matter of whether his conduct was prohibited by the Fair Labor Standards Act as to work Plaintiffs performed for Fleming Truck Sales and/or Fleming USA.

      The Plaintiff then filed a Motion for Entry of Final Judgment and Imposition of Liquidated Damages (DE # 71) which this Court granted, and awarded Plaintiff Garcia

---

[1] Although the original Complaint also named Fernando Caceda as a Defendant, the Plaintiffs voluntarily dismissed Fernando Caceda based upon the discovery that Luis Caceda is also known by the name of Fernando Caceda (DE ## 36, 37).

[2] At the pretrial conference, the Plaintiffs asserted that during the course of discovery, the Plaintiffs discovered that the Corporate Defendant, Fleming Truck Sales, functioned as Fleming USA, at some point during the Plaintiffs' employment.  However, Fleming USA was never named as a Defendant in this action, although Luis Caceda remained individually liable for any FLSA violations committed by Fleming USA.

liquidated damages in the amount of $16,907.04, comprised of $5,048.63 against Defendants Fleming Truck Sales and Luis Caceda, and $11,858.41 against Defendant Luis Caceda, only; and, awarded Plaintiff Mendez liquidated damages in the amount of $10,260.00 against Defendant Luis Caceda, only.

The Plaintiffs then filed the instant Motion seeking attorneys' fees in the total amount of $49,993.50 and costs in the amount of $2,296.00 for work performed and expenses incurred in prosecuting this action. The Defendants did not file an opposition to the Motion.

II. LEGAL ANALYSIS

A. Attorney's Fees

It is well settled that the FLSA mandates an award of reasonable attorneys' fees and costs to a prevailing plaintiff, see 29 U.S.C. § 216(b); *Silva v. Miller*, 547 F. Supp.2d 1299, 1304 (S.D. Fla. 2008).  Pursuant to S.D. Fla. Local Rule 7.1(C), the failure to timely respond may be sufficient cause to grant the motion by default. Since Defendants have failed to respond, the motion is being granted.   Nevertheless, as stated by the Court in *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345 (S.D. Fla. 2008),

> While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216(b), the courts have a corresponding duty to make sure that such an award is reasonable. See *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

*Id*. at 1347.  Thus, even when the Defendant has failed to oppose a motion for attorney's

3

fees, the Court must review the fees and costs claimed by the prevailing plaintiff in order to ensure that the fees sought are reasonable and the costs are authorized under the applicable statute. Therefore, the undersigned will examine the attorney's fees and costs submitted by the Plaintiffs to determine the appropriate amount of an award.

In this Circuit, Courts apply the lodestar method to determine attorneys' fees, which are derived by multiplying a reasonable hourly rate by a reasonable number of hours expended. See *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

### 1.     Reasonable Hourly Rate

Under the lodestar method, this Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rates are reasonable.  In the Motion for fees, the Plaintiffs request that the Court compensate Plaintiffs' Counsel as follows: Mr. J.H. Zidell at a rate of $325.00 an hour, Mr. Karl David Kelly at a rate of $300.00 an hour, Mr. Daniel Feld at a rate of $215.00 an hour, and Mr. David Markel and Mr. Elliott Kozolchyk at a rate of $190.00 an hour (DE # 72 at 4).  As stated above, the Defendants have failed to file an opposition to the Motion for Attorney's Fees and thus have not objected to the requested hourly rates (DE # 72).

The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999). "The court is deemed an expert on the issue of hourly rate and may properly consider

4

'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.' " *Tyler v. Westway Automotive Service Ctr., Inc.*, 2005 WL 6148128, at *2 (S.D. Fla. Mar.10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994)).

Based upon the Court's own expertise, and familiarity of the prevailing market rate for practitioners with like experience to the Plaintiffs' Counsel herein, the Court finds that the hourly rates requested by the Plaintiffs are just within the bounds of reasonableness.[3]  Therefore, the Court will award attorneys' fees at the following hourly rates: 1) Mr. J.H. Zidell at a rate of $325.00 an hour; 2) Mr. David Kelly at a rate of $300.00 an hour; 3)  Mr. Daniel Feld at a rate of $215.00 an hour; and, 4) Mr. David Markel and Mr. Elliot Kozolchyk at a rate of $190.00 an hour.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours spent on the matter by counsel were reasonable.  Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427.  The Plaintiffs must also supply detailed evidence of the time expended so that this Court may properly assess the time claimed for each activity. *Id*.  Although the party requesting attorney's fees must

---

[3] The undersigned notes that the Defendants' failure to object to the requested hourly amounts is significant.  The Court makes no determination as to whether the same result would be reached in other cases where a defendant lodged an objection as to the reasonableness of the hourly rates requested.

submit evidence sufficient to allow the court to determine whether the requested fees are reasonable, "objections and proof concerning hours that should be excluded must be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  In addition, "when a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

      The Plaintiff herein requests attorneys fees for legal work performed in this matter by five different attorneys: Jamie Zidell, Karl David Kelly, Daniel Feld, David Markel, and Elliot Kozolchyk.  The Plaintiffs note in asserting that the amount of fees sought is reasonable, that in it is not unusual for attorneys' fees requests to exceed the amount recovered by a plaintiff in an FLSA case, such as the case at bar.

      Again, because the Defendants have failed to file a response to the Motion for Attorneys' Fees, the Defendants have not identified any specific billing entries as being duplicative, redundant or unnecessary.  Nevertheless, the Court has independently and carefully reviewed the billing records submitted by the Plaintiffs to determine whether the amounts sought are reasonable.  In this regard, the Court notes that although this case was not particularly complex, the claims were resolved by a jury in a three day trial, and one pretrial issue required briefing by the Parties. See (DE ## 42, 43, 44 and 45).  In addition, the recovery by the Plaintiffs was significant in this matter with Mr. Garcia recovering approximately $39,000.00 and Mr. Mendez recovering approximately $20,520.00 in damages. Therefore, based upon the record as a whole, the undersigned

generally concludes that the number of hours spent litigating this matter by Plaintiffs' counsel is reasonable.[4]  However, the undersigned finds that the fees incurred for two attorneys attending the trial on behalf of the Plaintiffs were not reasonable. Rather, this FLSA action did not present particularly unique trial issues, and did not necessitate the presence of a second attorney at trial, particularly in light of Mr. Zidell's extensive trial experience in FLSA matters.  *Accord Moon v. Technodent National, Inc.*, 2009 WL 111678 * 5 (M.D. Fla. 2009) (denying award of attorneys fees associated with more than one attorney attending FLSA trial where prosecution of overtime claim was relatively straightforward).

Accordingly, the undersigned will deduct the hours billed for Attorney Elliot Kozolchyk's attendance at trial for eight hours for three days for a total of $4,560.00 ($1520.00 per day).  Therefore, the Plaintiffs may only recover $45,433.50 for attorney's fees incurred in prosecuting this mater rather than the $49,993.50 requested in the Motion.

---

[4]  In reaching this conclusion, the Court has also considered the "*Johnson* factors," including (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340-41 (11th Cir. 1999)(citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)(overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)).

### B. Costs

The Plaintiffs have also sought to recover their costs associated with litigating this matter. Specifically, the Plaintiffs seek to recover costs associated with filing and service fees, deposition transcripts, issuing a subpoena and paying a witness fee, mediation expenses and for an interpreter. For the following reasons, the undersigned concludes that the Plaintiffs are entitled to recover all of the requested costs except for those incurred related to mediation.

Under the FLSA, prevailing plaintiffs are entitled to recover costs incurred in prosecuting FLSA claims. Typically, prevailing plaintiffs are limited to recovering those costs enumerated in 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The following may be taxed as costs pursuant to 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

8

**28 U.S.C. § 1920.  A court cannot go outside the parameters of 28 U.S.C. § 1920 "absent explicit statutory or contractual authorization."** See *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, **482 U.S. 437, 445 (1987);** See *U.S. EEOC v. W&O, Inc.*, **213 F.3d 600, 620 (11th Cir. 2000).**

### 1.     Filing and Service Fees

**The Plaintiffs request costs for filing and service fees in the amount of $455.00, which represents $350.00 for the cost of filing the complaint, and $105.00 for the cost of serving process on the Defendants.  Pursuant to § 1920, the Plaintiff is entitled to recover the filing and service fees.**

### 2.     Deposition Costs

**The Plaintiffs seek to recover costs for the deposition transcripts in the amount of $356.00.  Specifically, the Plaintiff requests costs for the deposition transcript for Defendant Luis Caceda. Again, these costs are enumerated in the applicable statute, if the costs of the transcripts are necessarily obtained for use in the case.  The Plaintiffs have asserted that the costs for the expedited deposition transcript was necessarily obtained for use in this case and the Defendant has not objected.  Thus the requested amount is recoverable.**

### 3.     Subpoena Costs

**The Plaintiffs request a total of $75.00 in subpoena costs, which represents the costs associated with issuing a subpoena for Carlos Sanchez of $35.00 plus a witness fee of $40.00.  The Plaintiffs are entitled to recover the fees as fees for witnesses are specifically identified in § 1920.**

### 4. Mediation Expenses

The Plaintiff requests $375.00 in costs associated with attending court ordered mediation. The Plaintiffs assert that mediation costs constitute expenses that are normally included in a lawyer's bill for professional services and therefore are recoverable.

Normally, court ordered mediation expenses are not awarded in the Eleventh Circuit as they fall outside the parameters of 28 U.S.C. § 1920. *See Nicholas v. Allianceone Receivables Mgmt., Ins.*, 450 Fed. App'x 887 (11th Cir. 2012); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. App'x 837, 845-46 (11th Cir. 2008). In *Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, 2010 WL 2985695, No. 07-CV-1786, at *2 (M.D. Fla. 2010), an FLSA case that involved court ordered mediation, the Court noted that mediation costs are not recoverable under 28 U.S.C. § 1920. Moreover, the Court noted that even if it had the discretion to tax mediation costs, it would not tax them, "reasoning that [mediation] expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case." *Id*.

The Court agrees with the reasoning in both *Gary Brown* and *Rivera* and will therefore deduct $375.00 for mediation costs from the total amount of costs requested by the Plaintiff.

### 5. Interpreter Costs

The Plaintiffs request reimbursement for interpreter costs in the amount of $1035.00. Section 1920 specifically provides for recovery of costs associated with an

interpreter. Therefore, the Plaintiffs are entitled to recover these costs, as well.

### III. CONCLUSION

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that the Plaintiffs' Verified Motion for Attorney Fees and Costs Pursuant to 29 USC 216(b) and Local Rule 7.3 (DE # 72) is **GRANTED**, in part, as set forth above, and Plaintiffs are awarded attorney's fees in the total amount of $45,433.50 and costs in the amount of $1,921.00.

**DONE AND ORDERED** in chambers, in Miami, Florida, on September 25, 2012.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    All Counsel of Record via CM/ECF